IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYN L. WOOSLEY,

    Plaintiff,

vs.                            Case No. 06-1092-JTM

METROPOLITAN LIFE INSURANCE CO.,

    Defendant.

MEMORANDUM AND ORDER

The present matter arises out of a denial of insurance benefits. Plaintiff, Carolyn L. Woosley, brings the current action against defendant, Metropolitan Life Insurance Company ("MetLife") seeking life insurance benefits, which she alleges are payable due to the death of Lloyd Hamilton Woosley ("Decedent") on June 25, 2005. For the following reasons, the court grants defendant's motion for summary judgment.

*I. Factual Background:*

Lloyd H. Woosley, the decedent, was employed by Interstate Brands Corporation. As an employee, he participated in an employee welfare benefit plan ("Plan") sponsored by his employer. A group policy of life insurance issued by MetLife to the employer funded the Plan. MetLife acted as the claims administrator. Effective December 31, 2004, Interstate Brands Corporation canceled its group policy with MetLife. Since the decedent was disabled when the MetLife policy was in effect, MetLife advised the decedent that his life insurance protection

would continue as long has he remained totally disabled. Therefore, the decedent remained a participant in the Plan and remained enrolled in the Optional Life Benefits for which he elected. On June 25, 2005, Lloyd Woosley died.

The Elliott Mortuary in Hutchinson, Kansas, sent MetLife a copy of a November 14, 1996 letter on June 28, 2005, which requested claim forms. Thereafter, on July 19, 2005, Elliott Mortuary faxed a handwritten letter dated January 14, 1997 which stated in part: "This letter is in regards to benneficiary [sic] changes on MetLife policy; certificate #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; Group #0028795; approval #9663440-1; in the amount of $90,000. The benneficiaries [sic] are as follows . ." Defendant's Memorandum in Support of Its Motion for Summary Judgment, Dkt. No. 25, pg. 4. The letter listed seven names, the names of decedent's six children, with an amount of $5,000 listed for each name, and the name of plaintiff, Carolyn L. Woosley, with the amount of $60,000. The letter contained decedent's signature and the signature and stamp of a notary public.

Plaintiff completed a Claimant's Statement and Affidavit, dated July 25, 2005. MetLife received the documents on August 2, 2005.

MetLife did not have a beneficiary designation for the decedent. It requested beneficiary designations from Interstate Brands Corporation. Interstate Brands Corporation responded on August 19, 2005, with an Interstate Brands Corporation Employees Group Insurance Form, signed December 27, 1992 by the decedent. In the section for beneficiary designations, the decedent noted "see Attached Beneficiary List." The list stated:

| | | |
|---|---|---|
| Mindy Michelle Woosley* | Hereford, AZ | Daughter |
| Stacy Serece Woosley* | Hereford, AZ | Daughter |
| Jo Ann K. McMillan | Hereford, AZ | Daughter |

| | | |
|---|---|---|
| Roy Edison Woosley | San Angelo, TX | Son |
| Christopher Alan Woosley | Hutchinson, KS | Son |
| Roger Lloyd Woosley | San Angelo, TX | Son |
| Sandra J. McKown | Hutchinson, KS | Friend |

*50% of benefits to be divided between Mindy and Stacy until they reach age 18. These benefits to be paid to their mother – Susan L. Woosley, Hereford, AZ to provide for their care as she sees necessary. The remaining 50% of benefits are to be divided equaly [sic] between [sic] the remaining beneficiaries.

If all children are age 18, all benefits are to be divided equaly [sic] among all beneficiaries. Sandra J. McKown will take care of funeral arrangements and remaining debts with her benefits; any remaining funds are hers to keep.

Defendant's Memorandum in Support of Summary Judgment, Dkt. No. 25, pg. 5.

MetLife denied plaintiff's claim by a letter dated September 30, 2005 stating in part:

The Interstate Brands Corporation (the "Plan") is an employee welfare benefit plan regulated by federal law, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. MetLife, as claims administrator, must administer claims in accordance with the documents and instruments governing the Plan, and in accordance with ERISA.

The Plan provides that life insurance benefits are payable to the beneficiary of record, who is the person named by the participant on a proper form that is filed with the employee's insurance records. The plan further provides that a participant is permitted to name anyone as beneficiary and to change the beneficiary at any time. The most recent beneficiary designation on file with Interstate Brands was dated December 27, 1992. According to this designation, the insured did not list you as a beneficiary.

Therefore, based on the record before MetLife, we are, at this time, denying your claim.

*Id.*

In a letter dated December 5, 2005, plaintiff's attorney requested a copy of the Plan and stated plaintiff's intent to appeal MetLife's decision.  In response, MetLife provided a copy of the Plan to plaintiff's attorney.  Plaintiff sent a letter to MetLife that detailed the grounds for her appeal.  MetLife acknowledged receipt of plaintiff's appeal by a letter dated December 19, 2005.

On December 23, 2005, MetLife wrote a letter to each of the decedent's children enclosing a Claimant's Statement for each person.  MetLife sent the decedent's children these statements based on the fact that decedent's children were named beneficiaries in both the December 27, 1992 designation on file with Interstate Brands and in the January 14, 1997 letter submitted after the decedent's death.  Each of the decedent's children returned a completed form.

Additionally, by a letter dated January 10, 2006, Interstate Brands wrote to MetLife:

> This is to verify that our records reflect that the most recent beneficiary designation on file is dated December 27, 1992. We have not received any updated designation since.

*Id*. at 7.  MetLife upheld its denial of plaintiff's claim communicating the decision to the plaintiff's attorney.  MetLife advised that it would pay Elliott Mortuary's claim for the decedent's funeral expenses in accordance with the 1992 designation upon receipt of the expense documentation.

As of February 2, 2006, MetLife paid a total of $30,000 in benefits: $5,000 to each of the decedent's six children with applicable interest.  Based on the determination that the payment should be made in accordance with the December 27, 1992 beneficiary designation, MetLife approved payment of an additional $47,142.86 with applicable interest to decedent's children.

On February 20, 2006, MetLife requested that Sandra McKown, the seventh beneficiary named in the December 27, 1992 designation, complete a Claimant's Statement.  Thereafter, she

4

completed the form along with an assignment to Elliott Mortuary for the amount due for its services.

MetLife paid $7,329.21, plus applicable interest, to Sandra McKown. It also paid $5,527.93 to Elliott Mortuary pursuant to the designation and Ms. McKown's assignment of benefits.

As a consequence of decedent's death, MetLife paid the entire $90,000 in benefits and applicable interest in the amount of $4,163.40 in accordance with the December 27, 1992 beneficiary designation.

## *II. Standard of Review:*

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. *Jurasek v. Utah State Hosp.,* 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Baker v. Board of Regents,* 991 F.2d 628, 630 (10th Cir.1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. ``In the language of the Rule, the nonmoving party must come forward with `specific facts showing that there is a *genuine issue for trial*.' "

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita* ). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*III.  Conclusions of Law:*

Defendant argues that it properly paid the benefits to decedent's beneficiaries under the December 27, 1992 beneficiary designation which was on file with Interstate Brands.  The court agrees with defendant.

Decisions under an ERISA-governed plan are reviewed *de novo* unless the Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

An ERISA plan must be administered "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter."  29 U.S.C. § 1104(a)(1)(D).  If the plan requires that a beneficiary designation be filed with the Plan records, the claims administrator must give effect to that provision.  *See Irwin v. Principal Life Ins. Co.*, No. 04-4052-JAR, 2005 WL 3470359, at *5, *7 (D. Kan. December 16, 2005) (upholding fiduciary's claim to give effect to a change of beneficiary form that was filed with and recorded with employer).

When a court interprets the terms of an ERISA plan, it must examine "the plan documents as a whole and, if unambiguous . . . construe them as a matter of law." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1233 (10th Cir. 2002). The Plan in question was funded by a group policy of life insurance issued by MetLife to Interstate Brands Corporation. MetLife is the claims administrator for the Plan. The Plan provides:

> **1. YOUR BENEFICIARY**
>
> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
>
> You make your choice in writing on a form approved by us. This form must be filed with the records for this Plan.
>
> You may change the Beneficiary at any time by filing a new form with your Employer. You do not need the consent of the Beneficiary to make a change. When your Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.
>
> A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by your Employer.

Defendant's Exhibit A, pg. ML00020. The Plan does not contain ambiguous terms. The Plan directs employees to provide a designation to MetLife by filing the designation with the employer on a form approved by MetLife. The purported designation dated January 14, 1997 did not conform to the Plan. Decedent filed one Interstate Brands Corporation Employees Group Insurance Form which included a Beneficiary Designation dated December 27, 1992. Although plaintiff argues that the January 14, 1997 letter to MetLife should constitute a Beneficiary Designation under the Plan, the court disagrees. The alleged January 14, 1997 designation did not conform to the Plan because it was a letter written to MetLife. Furthermore, the alleged

7

designation was not made on a form approved by MetLife and was not filed with the employer, Interstate Brands Corporation. Therefore, as a matter of law, the court finds that the December 27, 1992 designation was effective and accordingly grants defendant's motion for summary judgment.

IT IS ACCORDINGLY ORDERED this 26th day of February, 2007, that defendant's motion for summary judgment (Dkt. No.24) is granted.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE